CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 20 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| DOUGLAS G. SPEAR,<br><br>                              *Plaintiff*,<br><br>v.<br><br>FINN-POWER INTERNATIONAL, INC.,<br>A/K/A FINN-POWER, A/K/A FINN-POWER OY,<br>AND A/K/A FINN-POWER GROUP;<br>STAMPTECH, INC., A/K/A STAMPTECH,<br><br>                              *Defendants*. | CIVIL ACTION NO. 6:05-CV-00015<br><br><br>ORDER AND OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

      The Court is in receipt of Defendant's Notice of Removal, filed on May 3, 2005. Defendant asserts that jurisdiction exists on the basis of diversity of citizenship under 28 U.S.C. § 1332. However, the Notice of Removal fails to properly allege the citizenship of Defendant Finn-Power International, Inc., and Plaintiff Douglas G. Spear. The burden to demonstrate the propriety of removal is on the party seeking to invoke jurisdiction. 28 U.S.C. § 1446(a) (1994).

      Paragraph 5 of the Notice of Removal states that Defendant is a corporation with its headquarters in Kauhava, Finland. However, Defendant does not assert the corporation's principle place of business or its place of incorporation. For diversity purposes, a corporation has dual citizenship—it is deemed a citizen of any State in which it is incorporated and of the state

where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (1993). In order to properly allege its citizenship, Defendant must state the location of its principal place of business and its state of incorporation. Furthermore, paragraph 4 of the Notice of Removal states that Plaintiff is a resident of the Commonwealth of Virginia. However, diverse citizenship, not residency, is required in order to properly allege subject matter jurisdiction based on diversity. 28 U.S.C. § 1332(a) (1993). Defendant must allege the citizenship, not the residence, of Plaintiff in order to properly establish diversity jurisdiction.

Defendant has failed to properly allege any basis upon which this Court has jurisdiction. Accordingly, Defendant is ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction. The filing of an amended Notice of Removal that properly establishes federal subject matter jurisdiction by alleging the citizenship of all parties will be deemed responsive to this Order. If Defendant adequately demonstrates cause for jurisdiction within the requisite time period, the Court will then conduct a hearing to determine whether Stamptech, Inc., is properly joined. The propriety of the joinder of Defendant Stamptech, Inc., will affect the determination of whether removal to this Court is proper, subject to the requirements of federal subject matter jurisdiction based on diversity.

It is so ORDERED. The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: *[signature]*
U.S. District Judge

May 20, 2005
Date